(Superior Court of Cincinnati.)
General Term.

### THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. FRANCIS B. BURROUGHS.

A person crossing a railroad track has the right to assume that the railroad company has obeyed the law with respect to blocking frogs, unless in the exercise of ordinary care, he learns or ought to learn that the contrary is true.

SMITH, J.

This was an action for wrongful death in which the plaintiff below recovered a judgment.

The deceased met his death by being run over by a caboose in the yards of the railroad company on the night of December 20, 1893. He was employed as a freight brakeman, and having occasion to step across one of the tracks of the railroad company, was struck by a caboose which was making what is known as a running switch, when it was claimed by plaintiff he grabbed the caboose and was dragged along some distance when his foot caught in an unblocked frog on the tracks of the company and he was dragged under the car and killed.

The case has been twice tried and the record and briefs are of an extended character, the plaintiff making a large number of assignments of error.

We are of the opinion, however, that only one assignment of error requires any special mention. That assignment of error is with respect to the giving of the following charge by the court:

"If you find he was guilty of contributory negligence in getting in front of the caboose originally, then in order for the plaintiff to recover at all in this action, the plaintiff must show to you affirmatively, by a preponderance of the evidence in the case, that notwithstanding he was negligent in getting on the track and being struck originally, the decedent would have avoided the injury which caused his death if it had not been for that unblocked frog, if you find there was such unblocked frog."

The charge had in mind the act of March 3, 1888 (85 O. L., 105), which declares "that every railroad corporation operating a railroad or part of a railroad in this state, shall, before the first day of October in the year eighteen hundred and eighty-eight, adjust, fill or block the frogs, switches and guard rails on its track, with the exception of guard rails on bridges, so as to prevent the feet of its employes from being caught therein."

In Sherman & Redfield on the Law of Negligence, vol. 1, sec. 92, it is stated that:

"As there is a natural presumption that every one will act with due care, it

can not be imputed to the plaintiff as negligence that he did not anticipate culpable negligence on the part of the defendant or of a stranger. He has a right to assume that every one else will obey the law (including not only the common law, but also any st atutes or city ordinances) and to act upon that belief. But if the plaintiff sees, or by ordinary care could see, that the defendant had, in fact, negligently exposed him to the risk or injury, or will probably do so, he can no longer rely upon this presumption, and must use all the additional precautions, on his own part, which a person of ordinary prudence would use in view of the circumstances as they are, and not as they ought to be.''

Bearing in mind this rule of law, we think that when on this night the deceased stepped upon the track, he was accountable for not taking such precautions to avoid danger that an ordinarily prudent man would take; but as he had the right to presume that any frogs on the track were blocked, he was not compelled to so conduct himself as to avoid being struck by the car and killed by his foot being dragged into an unblocked frog. As he had the right to presume there was no unblocked frog, he had the right to conduct himself -accordingly. The charge is based upon the hypothesis that the jury might find that but for the unblocked frog he would not have been injured. If the jury did so find, we think the charge was a correct statement of law which should have governed them.

Judgment affirmed.

Dempsey and Wright, JJ., concur.

W. W. Ramsey, for Plaintiff.

Francis B. James, for defendant.